# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLINTON W. SMITH,
    Appellant,

  v.

DEPARTMENT OF THE TREASURY,
    Agency.

DOCKET NUMBER
SF-0752-15-0100-I-1

DATE: May 12, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Clinton W. Smith</u>, Fresno, California, pro se.

<u>Ian J. Watson</u>, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as a GS-07 Correspondence Examination Technician with the Internal Revenue Service (IRS). Initial Appeal File (IAF), Tab 7, Subtab 4c. On April 7, 2014, the appellant notified the agency that he intended to resign from his position. *Id*., Subtab 4d. The agency processed the appellant's resignation that same day. *Id*., Subtab 4c. Thereafter, the appellant filed an equal employment opportunity complaint with the agency alleging that he had resigned due to a hostile work environment and harassment based on gender. *Id*., Subtab 4b at 18-19, 26-27. Following the issuance of a final agency decision finding that the appellant was not entitled to relief, *id*., Subtab 4a, the appellant filed the instant Board appeal, IAF, Tab 1.

¶3 The administrative judge provided the appellant with his burden of proof on jurisdiction. IAF, Tab 2. After providing the parties with the opportunity to respond to the order and without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID) at 1, 8.

¶4    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  On review, the appellant reiterates his contention that his resignation was involuntary and asserts that the administrative judge improperly denied him a hearing.  *Id*.  In support of his claim that his resignation was involuntary, the appellant argues that the agency:  (1) improperly proposed to suspend him; and (2) subjected him to a hostile work environment and "disparate treatment."  *Id*. The agency has filed a response to the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by a preponderance of the evidence that his resignation was involuntary and therefore tantamount to a forced removal.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329-30 (Fed. Cir. 2006).  The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 22 (2004).  An appellant is entitled to a hearing on the issue of Board jurisdiction over an alleged involuntary resignation only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).  Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Deines v. Department of Energy*, 98 M.S.P.R. 389, ¶ 11 (2005).  In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve

conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶6        In cases where intolerable working conditions are alleged, the Board will find an action involuntary only if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Markon v. Department of State*, 71 M.S.P.R. 574, 577 (1996). Furthermore, when an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness. *Id.* at 578. Thus, in an involuntary resignation appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether under all of the circumstances working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *Id.*

¶7        In support of his allegations that the agency subjected him to a hostile work environment and "disparate treatment," the appellant alleges, among other things, that his team leader and other agency officials threatened to have him removed by security from a meeting, ordered him to follow improper directives, and failed to respond to his emails containing criticisms and complaints. PFR File, Tab 1 at 5-7. Applying the standard set forth in *Markon*, we find that the appellant failed to nonfrivolously assert that his daily working conditions were so intolerable that a reasonable person in his position would have felt compelled to resign. *See, e.g.*, *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (a feeling of being unfairly criticized or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign).

¶8        The appellant further contends that the agency improperly proposed his suspension. PFR File, Tab 1 at 5. As noted by the administrative judge, the record reflects that, on June 17, 2013, the agency advised the appellant that it was

considering suspending him for 30 calendar days for failing to follow a managerial directive and notified him that he could request consideration of an alternative form of discipline. ID at 5; IAF, Tab 7, Subtab 4o. On July 8, 2013, the agency rescinded its offer of possible alternative discipline, stating it had been issued in error. *Id.*, Subtab 4n. On the same day, the agency proposed to suspend the appellant for 30 calendar days for failure to follow a managerial directive. *Id.*, Subtab 4m. On November 12, 2013, the agency rescinded its July 8, 2013 suspension proposal and issued a corrected notice proposing a 20 calendar day suspension based on the charge of engaging in unprofessional conduct. *Id.*, Subtabs 4f, 4l. In support of its charge, the agency listed four specifications detailing the appellant's alleged unprofessional conduct, which, according to the agency, included leaving his supervisor an inappropriate voicemail, making inappropriate and disruptive statements in an IRS building cafeteria, interrupting a coworker during a meeting and refusing to leave after his supervisor asked him to, and using profanity in the workplace. *Id.*, Subtab 4f. The agency did not issue any decision on the proposed suspension prior to the appellant's resignation.

¶9      It is well established that the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice of resignation. *Schultz v. United States Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987). However, if an appellant shows that an agency knew that it would not prevail on a proposed adverse action, the proposed action is coercive and the resulting resignation is involuntary. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008). Here, the appellant has failed to make a nonfrivolous allegation that the agency knew that it would not prevail on its November 12, 2013 proposed suspension action or that no arguable basis existed for the suspension action. *See id.*, ¶ 17.

¶10     Thus, because the appellant did not make a nonfrivolous allegation casting doubt on the presumption that his resignation was voluntary, the administrative judge properly denied his request for a hearing. *See Burgess*, 758 F.2d at 643. We therefore affirm the administrative judge's initial decision dismissing the appeal for lack of Board jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.